**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 26-14167-CIV-CANNON/Maynard**

**JORGE ENRIQUE**
**SANCHEZ CASTELLON,**

       Petitioner,

v.

**WARDEN, MARTIN COUNTY JAIL,** *et al.*,

       Respondents.

_____/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Petitioner Jorge Enrique Sanchez Castellon's

Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 [ECF No. 1].  Following

review of the Petition [ECF No. 1], the Response by the United States [ECF No. 6], and all related

attachments, the Petition is **DENIED**.  The Court reasons below.

*** 

Petitioner, a Cuban national subject to an Order of Removal entered against him on May

6, 1998 [ECF No. 1-6 p. 2], was placed on an Order of Supervision pending his removal from the

United States over twenty years ago [ECF No. 1-8].  Since then, Petitioner has remained in the

United States under Immigration and Customs Enforcement ("ICE") supervision [ECF No. 1

pp. 8–9].  On May 11, 2026, however, following an encounter with the Florida Wildlife

Conservation Commission ("FWC") after a water safety law violation, and upon a finding that

Petitioner lacked lawful status in the United States, ICE agents took Petitioner into custody and

transported him to Martin County Jail [ECF No. 6-8].  Petitioner, who has been detained for 86

days, now challenges his detention under the due process clause of the Fifth Amendment and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that he must be released from custody because the United States cannot establish that his removal is reasonably foreseeable [ECF No. 1].  The United States responds that Petitioner was properly detained pursuant to a final order of removal and that any claim invoking *Zadvydas* fails because Petitioner has not been detained beyond the presumptively reasonable period of six months discussed in *Zadvydas* [ECF No. 6].

## LEGAL STANDARDS

The basic federal habeas corpus statute, 28 U.S.C. § 2241, permits district courts to grant relief to petitioners held "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The federal law at issue here is Section 1231(a) of Title 8—the post-removal detention provision of the Immigration and Nationality Act (INA)—which applies to aliens who are subject to a final order of removal, like Petitioner here.  *See* 8 U.S.C. § 1231(a).  When an alien is subject to a final order of removal, the INA directs the Attorney General to remove the alien from the country within 90 days.  *See id*. § 1231(a)(1)(A).  The INA also provides a statutory mechanism in 8 U.S.C. § 1231(a)(6) for the government to further detain certain aliens beyond that ninety-day period.[1]  Despite that textual allowance, the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), under principles of constitutional avoidance, read into that statute

---

[1] This includes various categories of aliens "who have been ordered removed, namely, inadmissible aliens, criminal aliens, aliens who have violated their nonimmigrant status conditions, and aliens removable for certain national security or foreign relations reasons, as well as any alien 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'"  *Zadvyda*s, 533 U.S. at 688 (quoting 8 U.S.C. § 1231(a)(6)). No party disputes that Petitioner falls into a category covered by 8 U.S.C. § 1231(a)(6) [*see generally* ECF No. 1].

a presumptive limitation of six months' detention beyond which continued detention could implicate the Fifth Amendment's Due Process clause.

For a petitioner to raise a claim rooted in *Zadvydas v. Davis* and the Due Process Clause, the petitioner must demonstrate two things: first, that he/she has been detained for at least six months as measured by the start of detention to the date of the petition,[2] and second, that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). The longer the period of "postremoval confinement grows" beyond the six-month presumptive period, the smaller the Court is to treat the period of reasonable foreseeability into the future. *Id.* But the "6–month presumption . . does not mean that every alien not removed must be released after six months," and "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see Akinwale*, 287 F.3d at 1052 ("[T]o state a claim under *Zadvydas*[,] the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

## DISCUSSION

Petitioner argues that he is entitled to immediate release because the United States cannot prove that he is likely to be removed from the United States in the "reasonably foreseeable future"

---

[2] This six-month period is calculated from the beginning of detention to the filing of the habeas petition, not to the date the Court renders the decision. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*.").

[ECF No. 1 pp. 17–18].  This argument is rooted in *Zadvydas* and fails under the undisputed chronology pertinent to Petitioner's detention and Petition.  Petitioner was detained by immigration authorities on May 11, 2026 [ECF No. 1 p. 10; ECF No. 6-3 p. 2].  The date of the Petition is May 15, 2026, four days after the start of his detention and obviously well before any expiration of any six-month presumptive period [ECF No. 1].  For this reason alone, any allegation of a due process claim rooted in *Zadvydas* fails, and the Court need not engage in an analysis of the likelihood of Petitioner's removal at this stage.

To the extent Petitioner attempts to ground Count II in a violation of 8 C.F.R. § 241.4(l)(2)—separate and apart from his due process/*Zadvydas* claim in Count I—any such theory fails [ECF No. 1 (arguing that his "re-detention" is unauthorized because he did not violate the conditions of release and circumstances have not materially changed warranting a likelihood of removal)].  Under 8 C.F.R. § 241.4(l)(2), the government may revoke an order of supervision "in the exercise of discretion when, in the opinion of the revoking official . . . it is appropriate to enforce a removal order or to commence removal proceedings against an alien."  *See* 8 C.F.R. § 241.4(l)(2).  Here, Petitioner's Notice of Revocation indicates that ICE revoked Petitioner's release because an immigration official determined that it was "appropriate to enforce [Petitioner's] removal order," which became final on January 6, 1998 [ECF No. 6-13].  Accordingly, the United States had a basis in law to revoke Petitioner's release, and Petitioner has supplied no authority to permit this Court to countermand that discretionary determination or to take any action that would enjoin his removal under the final order of removal.

CASE NO. 26-14167-CIV-CANNON/Maynard

\*\*\*

For these reasons, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2. The Clerk shall **CLOSE** this case.

3. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**,

   and all deadlines are **TERMINATED**.

   **ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of August 2026.

   **AILEEN M. CANNON**
   **UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

5